THE COMMON COUNCIL OF THE CITY OF GRAND RAPIDS v. THE BOARD OF PUBLIC WORKS OF THE CITY OF GRAND RAPIDS.

*Municipal corporations — Paving — Determination of material — Authority of board of public works.*

The board of public works of the city of Grand Rapids has no power under section 8 of Act No. 321, Laws of 1873, which

authorizes it to determine as to the particular kind and quantity of materials to be used in the construction of any public work declared by the common council to be a necessary improvement, to adopt a different kind of material than that described in the resolution declaring the necessity; citing *Common Council v. Board of Public Works*, 87 Mich. 113.

. *Certiorari* to Kent. (Grove, J.) Argued March 7, 1894. Decided March 20, 1894.

Relator applied for *mandamus* to compel respondent to proceed to pave a portion of South Ionia street, in the city of Grand Rapids, in pursuance of a resolution of the common council. Respondent brings *certiorari* to review order granting the writ. Affirmed. The facts are stated in the opinion.

*William Wisner Taylor,* for relator.

*John W. Champlin,* for respondent.

MONTGOMERY, J. This is *certiorari* to review the decision of the circuit court granting a *mandamus* to compel the board of public works to proceed to pave a portion of South Ionia street, in the city of Grand Rapids, in pursuance of a resolution of the common council.

The resolution, which was adopted by a unanimous vote, directed that the street be paved with "common cedar blocks," so called, and declared that the paving of said street with common cedar blocks was a necessary public improvement. The board assumed the power to determine that the pavement should be of sapless cedar blocks, making a difference in .cost of some $1,200 to $1,500. The sole question for our determination is whether the board has the power to depart from the terms of the order of determination of the council.

The respective powers of the board and the common council were considered in *Common Council v. Board of*

*Public Works*, 87 Mich. 113, where the provisions of the
charter are quoted at length, and need not be here
repeated.   The present case differs from that only in this:
The improvement under consideration in that case was
petitioned for by a majority of the abutting owners, but
in the present case the council proceeded under the pro-
visions of section 2 of title 6, which authorizes the council
to provide for the paving of a street, without any petition
of the abutting owners, by a five-sixths vote of all the
members elect.   In the present case the necessity for pav-
ing with common cedar blocks was determined by a vote
of more than five-sixths of the members.   It is insisted by
counsel for the board that this should distinguish the two
cases; that in the one case the property owners have the
right to determine what kind of pavement shall be used,
and that, having petitioned for a particular kind of pav-
ing, neither the common council nor the board, while
acting in pursuance of that petition, has the power to
provide for any different kind of paving; but that in the
present case the action is independent of petition, and
that in such case the particulars relating to the kind of
material are to be determined by the board.   But we think
the true construction of the charter provisions does not
admit of the board adopting a different kind of material
than that described in the resolution declaring the neces-
sity.   The charter provides two safeguards for the prop-
erty owner:   (1) Except by a five-sixths vote, no paving
can be done but upon petition of a majority.   (2) In case
there is not such a petition, and the council proceeds
independently, there must be a five-sixths vote; and this vote
is had with reference to the kind of material to be used.
Such a vote might be obtained for a pavement of com-
mon cedar blocks, when it would be against the judg-
ment of the majority of the council that there was a
necessity for brick pavement, or even for incurring the

expense of paving with sapless cedar blocks. The difference in cost might well have a controlling effect upon the vote, and it is the right of the property owner to insist that only such work as shall be declared a necessary public improvement shall be entered upon. As was said by Mr. Justice McGRATH in the case cited:

"It is unquestionably the duty of the council to avail itself of whatever information or knowledge the board of public works possesses, but the authority for these expenditures must originate with the common council, and that authority includes the right to determine the question of cost, dimensions, and general character."

We do not intimate that, if the resolution were broad enough to leave details to the board, a discretion might not be exercised by the board. But in this case it affirmatively appears that there was a limitation upon the resolution declaring the work a necessary public improvement, and it cannot be enlarged.

The order of the court below will be affirmed; but as both parties represent the city, and are simply asking a determination as to their respective powers, no costs will be awarded.

The other Justices concurred.